UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                       | )                         |
|---------------------------------------|---------------------------|
| EMANUEL VASQUEZ,                      | )                         |
| Plaintiff,                            | )                         |
| v.                                    | ) Civil No. 18-12324-LTS  |
| CORRECTIONAL PSYCHIATRIC SERVICES, et al, | )                     |
| Defendants.                           | )                         |

ORDER ON MOTION TO DISMISS (DOC. NO. 16)

July 10, 2019

SOROKIN, J.

On November 5, 2018, plaintiff Emanuel Vasquez filed a pro se complaint in this Court against Correctional Psychiatric Services ("CPS") and eight individual defendants in both their individual and official capacities. Doc. No. 1. At the time, Mr. Vasquez was residing at Plymouth County Correctional Facility ("PCCF") and provided only that address in his complaint. Id. at 28. On January 22, 2019, the Court dismissed the claims against the individual defendants in their official capacities, as well as the § 1983 claims against three of the defendants. Doc. No. 7.

On May 13, 2019, defendants Sprague, Gavoni, and Pierre filed a motion to dismiss on the grounds that "the Plaintiff has failed to provide timely service and the Complaint fails to state a claim for which relief may be granted." Doc. No. 16. On June 10, 2019, having not received an opposition from Mr. Vasquez within the fourteen days permitted by the Local Rules, the Court ordered Mr. Vasquez to file an opposition by July 2, 2019 and warned that he faced

dismissal of his complaint if he failed to do so.  Doc. No. 21.  On June 18, 2019, defendants CPS and Nolan filed a motion to dismiss.  Doc. No. 22.  To date, Mr. Vasquez has not opposed either motion to dismiss, though any opposition to either motion was due on July 2, 2019.  See L. R. 7.1(b)(1) ("A party opposing a motion shall file an opposition within 14 days after the motion is served").

On June 25, 2019, the Court received notice that the June 10 Order was returned as undeliverable because Mr. Vasquez no longer resides at the PCCF.  Mr. Vasquez has not at any point provided an updated address at which he can receive mail relating to the case.  Updating his address is Mr. Vasquez's burden.  L. R. 83.5.5(h) ("Every party appearing pro se shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change. It is the responsibility of the pro se party to notify the clerk and the parties of any change. Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party.").

The motion to dismiss filed by Sprague, Gavoni, and Pierre, Doc. No. 16, is ALLOWED as unopposed and for the reasons set forth therein.

The motion to dismiss filed by CPS and Nolan, Doc. No. 22, is ALLOWED as unopposed and for the reasons set forth therein.

Two additional defendants have been named but not properly served.  As to defendants Giroux, Welsh, and Nolan, the summonses which were issued by the Court and which were served by the United States Marshal Service, were returned <u>unexecuted</u> because none of the three worked at PCCF anymore.  To date, Mr. Vasquez has not provided the Court with proof of

service on any of these three defendants.  Accordingly, as to defendants Giroux, Welsh, and Nolan, Mr. Vasquez's complaint is dismissed for failure to prosecute. [1]

                              SO ORDERED.

                              /s/ Leo T. Sorokin
                              Leo T. Sorokin
                              United States District Judge

---

[1] The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, Inc., 296 F.3d at 45–46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).